Filed 7/23/13  P. v. Chavez  CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B243696 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA121614) |
| v. | |
| GARY ANTHONY CHAVEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge.  Affirmed.

Gary Anthony Chavez, in pro. per; and David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In September 2011 Gary Anthony Chavez was charged in a felony complaint for extradition with the first degree murder of Alvina Jiminez (Pen. Code, § 187, subd. (a)),[1] with a special circumstance allegation the murder was intentional and involved the infliction of torture (§ 190.2, subd. (a)(18)) and separate allegations he had used two deadly weapons (a knife and a sledge hammer) in committing the crime (§ 12022, subd. (b)(1)). A no-bail bench warrant was issued.

On October 20, 2011 Chavez appeared in court, pleaded not guilty and denied the special allegations. He was remanded into custody.

On June 14, 2012 represented by appointed counsel, Chavez entered a negotiated plea of no contest to first degree murder, orally and in writing, in return for a sentence of 25 years to life and dismissal of the special circumstance and weapon-use allegations. At the time he entered his plea, Chavez was advised of his constitutional rights and the nature and consequences of the plea, which Chavez stated he understood. Defense counsel joined in the waivers of Chavez's constitutional rights. The trial court expressly found Chavez's waivers and plea were voluntary, knowing and intelligent.

On August 22, 2012 Chavez's motions to relieve his appointed counsel (*People v. Marsden* (1970) 2 Cal.3d 118) and to withdraw his plea were heard and denied.

On August 30, 2012 the trial court sentenced Chavez to a term of 25 years to life in accordance with the plea agreement. The court awarded Chavez presentence custody credit of 250 days (218 actual days and 32 days of conduct credit). The court ordered Chavez to pay a $40 court security fee, a $30 criminal conviction assessment, $390 in attorney fees, a $240 restitution fine and $5,384.63 to the State Victim Compensation Board. The court imposed and suspended a parole revocation fine pursuant to section 1202.45. The special circumstance and weapon-use allegations were dismissed pursuant to the plea agreement.

Immediately after sentencing, Chavez attempted to make a peremptory challenge in propria persona to the trial judge (Code Civ. Proc., § 170.6), which the court denied as

---

[1]     Statutory references are to the Penal Code unless otherwise indicated.

2

untimely. Also acting in propria persona, Chavez demanded to be allowed to file two hand-printed documents: (1) A "Notice of MOTION to Withdraw PLEA," in which Chavez requested to be allowed to withdraw his plea pursuant to section 1018; and (2) a "JUDICIAL NOTICE," in which he requested the court take judicial notice of the accompanying motion under Evidence Code section 450. The trial court accepted the documents for filing but did not expressly rule on their merits.

Chavez filed a timely notice of appeal, challenging "the legality of the proceedings, whereby defendant Chavez's *Marsden* motion, regarding his desire to withdraw his plea, was denied." The trial court granted Chavez's request for a certificate of probable cause without explanation and, from our perspective, with no basis in the record. We appointed counsel to represent Chavez on appeal.

After examination of the record, counsel filed an opening brief in which no issues were raised. On March 4, 2013 we advised Chavez he had 30 days within which to personally submit any contentions or issues he wished us to consider. On March 13, 2013 Chavez filed a hand-printed supplemental brief with an attached exhibit. Chavez also subsequently filed two requests for leave to file an additional supplemental brief and to be appointed new appellate counsel, all of which we denied.

In his supplemental brief Chavez asserted defense counsel had "bribed" him to accept the plea agreement by purchasing a book for him.

We have examined the entire record and are satisfied Chavez's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.) The record fails to support Chavez's claim his plea was not knowing, voluntary and intelligent. The record also fails to demonstrate defense counsel provided ineffective assistance at any time during the proceedings in the trial court. (*Strickland v. Washington* (1984) 466 U.S. 668, 686 [104 S.Ct. 2052, 80 L.Ed.2d 674].) Finally, with respect to Chavez's contention he was somehow improperly induced to enter a plea in this case while in custody, this issue cannot be addressed on appeal because it relies on matters

outside the appellate record.  If cognizable at all, Chavez's claim must be pursued by a different, appropriate procedure.

The judgment is affirmed.


PERLUSS, P. J.

We concur:


WOODS, J.


ZELON, J.